UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ELIZABETH HERNANDEZ,<br>    Plaintiff,<br><br>v.<br><br>UNUM GROUP,<br>    Defendant,<br><br>v.<br><br>SARA HERNANDEZ AND JOSE<br>HERNANDEZ,<br>    Third-Party Defendants. | No. 5:19-CV-037-H |

## ORDER AND MEMORANDUM OPINION

Before the Court are two motions—each from Sara Haaland f/k/a Sara Hernandez, and each directed against the two remaining parties, Elizabeth Hernandez and Jose Hernandez. One is a motion for summary judgment, and the other is a motion for default judgment. Dkt. Nos. 53, 57. Elizabeth and Jose have submitted a response to Sara's motions. Dkt. No. 59. For the reasons below, the Court finds that Sara's motion for summary judgment should be granted and her motion for default judgment denied as moot.

### 1. Factual and Procedural Background

This case concerns the distribution of life insurance proceeds. Xavier Hernandez worked in the oil fields of West Texas for C&J Energy Services, Inc. Dkt. No. 51 at ¶ 2; Dkt. No. 54 at 10. C&J Energy obtained a group policy from Unum Life Insurance Company of North America through which Xavier received basic life and accidental death and dismemberment (AD&D) insurance as a benefit of his employment. Dkt. No. 51 at ¶ 2.

On May 24, 2018, Xavier died in a car accident while on his way home. Dkt. No. 51 at ¶ 4; Dkt. No. 54 at 11. He was 25 years old.

From August 2015 until May 2018, Xavier was married to Sara Hernandez. In January 2018, Xavier designated Sara as the beneficiary of his life insurance policy. Dkt. No. 51 at ¶ 3. Weeks before Xavier's death, he and Sara divorced. Dkt. No. 54 at 12–17. The divorce decree indicates that both Sara and Xavier were present at the proceeding and does not mention Xavier's life insurance policy. *Id.* Sara represents that, at the time of the divorce, she was unaware that she was the beneficiary under Xavier's policy and only became aware once C&J Energy advised her of her status. *Id.* at 11. She maintains that she did not waive her rights as a beneficiary under the policy in the divorce decree or elsewhere. *Id.*

Once Sara learned that she was the beneficiary under Xavier's policy, she submitted a written claim to Unum Life, which was received on June 29, 2018. Dkt. No. 51 at ¶ 7. Around that time, Elizabeth and Jose Hernandez—Xavier's parents—advised Unum Life through their then-attorney that they would also be claiming the life insurance proceeds. *Id.* Elizabeth and Jose based their claim on Texas Family Code § 9.301, which revokes spousal designations in life insurance policies following a divorce. Dkt. No. 1-1 at 8. The proceeds at issue include $100,000 in basic life insurance, $100,000 in AD&D insurance, a $10,000 airbag benefit, and a $5,000 seatbelt benefit. Dkt. No. 51 at ¶¶ 4–5.

Elizabeth sued Unum Life in Texas state court, claiming that Sara could not receive the proceeds because she had divorced Xavier before he died.[1] Dkt. No. 1-1 at 8. Unum Life then removed the case to this Court, interpleaded Elizabeth, Jose, and Sara, and deposited the insurance proceeds with the Court. Dkt. Nos. 1, 19. Unum Life has since been dismissed from this case, leaving only Elizabeth, Jose, and Sara. Dkt. No. 52. For her part, Sara filed claims against Elizabeth and Jose, seeking a declaration that she alone is entitled to the life insurance proceeds. Dkt. No. 28 at 5–6. Sara now requests that the Court grant her motion for summary judgment and issue a declaration that she is entitled to receive the interpleaded funds. Dkt. No. 55 at 20.

2.  **Legal Standard**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Movants must cite to particular parts of the record to show the absence of a genuine dispute or explain why the cited materials do not create a genuine dispute. Fed. R. Civ. P. 56(c). The Court must consider materials cited by the parties but may also consider other materials in the record. Fed. R. Civ. P. 56(c).

In evaluating a motion under Rule 56, the Court must determine whether, after considering the evidence in the light most favorable to the nonmoving party, a rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)). "The mere existence

---

[1] Elizabeth and Jose have been inconsistent participants in this litigation. When this case was first removed, they were represented by counsel. However, their attorney withdrew on April 22, 2019. Dkt. No. 15. Since then, Elizabeth and Jose have represented themselves pro se, and their appearances have been limited to handwritten letters addressed to the Court.

3

of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original).

3. **Analysis**

The Employee Retirement Income Security Act of 1974 (ERISA) regulates the administration of employee welfare plans. A "welfare plan" is defined as a "plan . . . maintained by an employer . . . to the extent that such plan . . . is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits in the event of . . . death." 29 U.S.C. § 1002(1). Benefit plans must be established and maintained pursuant to a written instrument. 29 U.S.C. § 1102(a)(1). This instrument must "specify the basis on which payments are made to and from the plan," and administrators must manage benefits plans "in accordance with the documents and instruments governing the plan." 29 U.S.C. §§ 1102(b)(4); 1104(a)(1)(D). Therefore, if a plan's governing documents direct an administrator to pay benefits to a participant's designated beneficiary, they must do so. *See Kennedy v. Plan Adm'r for Dupont Sav. and Inv. Plan*, 555 U.S. 285, 304 (2009).

Here, no party contests that the C&J Energy's group policy, through which Xavier obtained his life and AD&D insurance, constitutes a "welfare plan" within ERISA's scope. Further, there is no dispute that Xavier designated Sara as the beneficiary under the policy. Instead, Elizabeth and Jose argue that Sara's designation should be invalidated based on Texas Family Code § 9.301, which provides in relevant part:

> (a) If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the

4

time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:
1. the decree designates the insured's former spouse as the beneficiary;
2. the insured redesignates the former spouse as the beneficiary after rendition of the decree; or
3. the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.

Despite Texas Family Code § 9.301, ERISA's statutory text and binding precedent preclude its operation here. ERISA preempts "any and all State laws insofar as they . . . relate to any employee benefit plan." 29 U.S.C. § 1144. In a case similar to this one, the Fifth Circuit held that this provision meant that ERISA preempted Texas Family Code § 9.301. *Manning v. Hayes*, 212 F.3d 866, 870 (5th Cir. 2000). In *Manning*, an employee designated his then-wife as the beneficiary of a life insurance policy that was covered by ERISA. *Id.* at 869. The employee divorced his wife and, shortly afterwards, died. *Id.* The employee's ex-wife claimed his benefits under the policy, and the employee's estate challenged her claim based on Texas Family Code § 9.301. *Id.* Ultimately, the Fifth Circuit determined that ERISA preempted Texas Family Code § 9.301 and, therefore, could not form the basis of a challenge to the ex-wife's claim. *Id.* at 870; *see also Egelhoff v. Exelhoff ex rel. Breiner*, 532 U.S. 141, 146–47 (2001) (citing to *Manning* favorably when holding that a similar Washington state statute was preempted by ERISA). Because ERISA preempts Texas Family Code § 9.301, the Court must reject Elizabeth and Jose's argument.

3. **Conclusion**

Because Xavier designated Sara as the beneficiary under his life insurance policy, the Court concludes that Sara is entitled to the proceeds. Further, no evidence in the record suggests that either Elizabeth or Jose have a right to the life insurance proceeds at issue. Thus, the Court directs the Clerk of Court to release to Sara Haaland the funds deposited by

5

Unum Life on May 9, 2019, as well as any interest that has accrued on the account between then and now.

So ordered on June 4, 2020.

                                                                                                                  */s/ James W. Hendrix*
                                                                                                                JAMES WESLEY HENDRIX
                                                                                                                UNITED STATES DISTRICT JUDGE